UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FRANK JULIANELLO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>K-V PHARMACEUTICAL COMPANY, GREGORY J. DIVIS, JR. and SCOTT GOEDEKE,<br><br>Defendants. | No. 4:11-cv-01816-AGF |
| RAMAKRISHNA MUKKU, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>K-V PHARMACEUTICAL COMPANY, GREGORY J. DIVIS, JR. and SCOTT GOEDEKE,<br><br>Defendants. | No. 4:11-cv-01888-CEJ |
| HOICHI CHEONG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>K-V PHARMACEUTICAL COMPANY, GREGORY J. DIVIS, JR. and SCOTT GOEDEKE,<br><br>Defendants. | No. 4:11-cv-01905-RWS |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF CHOO TECK KWANG FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

Plaintiff Choo Teck Kwang ("Movant") respectfully submits this memorandum of law in support of his motion for consolidation of related actions, appointment as lead plaintiff and approval of lead counsel.

## I. FACTUAL BACKGROUND

This is a securities class action on behalf of purchasers of K-V Pharmaceutical Company ("KV or the "Company") publicly traded securities between February 14, 2011 and April 4, 2011, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

KV is a specialty pharmaceutical company that develops, manufactures, acquires and markets branded and generic/non-branded prescription pharmaceutical products.

Plaintiffs allege that during the Class Period defendants issued false and/or misleading statements concerning the Company's business and financial prospects. Specifically, defendants misrepresented that the Food and Drug Administration (FDA) had granted KV the exclusive distribution rights over "Makena," a drug used to prevent miscarriages, and that the FDA would enforce those rights by preventing KV's competitors from distributing generic formulations of the drug. Plaintiffs further allege that defendants failed to disclosed that the drug's $1,500 price actually would reduce the availability of Makena to low-income and other at-risk groups.

On March 17, 2011, U.S. Senators Amy Klobuchar and Sherrod Brown issued a press release regarding a letter they had sent to the Federal Trade Commission urging the agency to launch an investigation into potentially anti-competitive behavior related to the dramatic increased in Makena's price. Following this news, KV's A-series stock dropped $1.14, from the previous day's closing price of $9.64, to close at $8.50 per share on March 17, 2011.

On April 1, 2011, the Company announced a 55% reduction in Makena's list price. Then, on April 4, 2011, *Bloomberg* published an article titled "KV Pharma's Reduced Makena Price Won't Sway Some Physicians," which cited detailed interviews with several physicians and revealed that, even with Makena's 55% reduction in its list price, prescribing physicians would not prescribe Makena to their patients. Following this news, KV's stock price fell an additional 9.5% in a single trading session, closing down at $5.39 on April 4, 2011 from its close of $5.99 the prior evening. As the market fully absorbed this news, the Company's stock price suffered further erosion and it now trades below $2 a share.

## II.    PROCEDURAL HISTORY

This action was commenced October 19, 2011 by plaintiff Frank Julianello, and on that day counsel for Julianello published a notice on *Business Wire*, a widely circulated national business-oriented wire service announcing that a securities class action had been initiated against defendants herein. *See* Declaration of Michael Goldberg In Support of Motion of Choo Teck Kwang for Consolidation of Related Actions, Appointment As Lead Plaintiff and Approval of Lead Counsel (the "Goldberg Declaration") at Exhibit A. In addition to Plaintiff Julianello's complaint, two related actions were subsequently filed in this District (collectively the "Related Actions"), and each of the Related Actions is reflected above in the caption of this document.

Movant files the instant motion pursuant to plaintiff Julianello's notice of pendency, and files this motion prior to expiration of the 60-day period from publication of the October 19, 2011, notice.

## III.   ARGUMENT

### A.    The Related Actions Should Be Consolidated

Consolidation pursuant to Federal Rule of Civil Procedure Rule 42(a) is proper when actions involve common questions of law and fact. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284

2

(2nd Cir. 1990). The Court has broad discretion under this Rule to consolidate cases pending within its District. *Id*.

The Related Actions present similar factual and legal issues, as they involve the same subject matter, and present the same legal issues. Each alleges the same violations of federal securities laws and is based on the same wrongful course of conduct. Because the Related Actions arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to the Related Actions. Accordingly, consolidation under Rule 42(a) is appropriate.

### B.    Movant Should Be Appointed Lead Plaintiff

Section 21D(a)(3)(B) of the PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. §78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

>   (aa)  has either filed the complaint or made a motion in response to a notice... ;

>   (bb)  in the determination of the Court, has the largest financial interest in the relief sought by the class; and

>   (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).

As set forth below, Choo Teck Kwang satisfies all three of these criteria, and thus is entitled to the presumption that he is the "most adequate plaintiff" for the Class.

### 1. Movant Is Making A Motion In Response To A Notice

On October 19, 2011, pursuant to §21D(a)(3)(A)(I) of the PSLRA, counsel for plaintiff Frank Julianello published a notice of the pendency of plaintiff's case on *Business Wire* – a widely circulated national business-oriented wire service[1] – announcing that a securities class action had been filed against KV and certain of its executive officers, and advising purchasers of the Company's securities that they had until December 19, 2011 to file a motion to be appointed as lead plaintiff.

Movant files the instant motion pursuant to Frank Julianello's published notice, and submits herewith Movant's sworn certification attesting that he is willing to serve as representative of the Class and willing to provide testimony at deposition and trial, if necessary. *See* Goldberg Declaration, Exhibit B. Movant therefore satisfies the first PSLRA requirement that a putative lead plaintiff either file a complaint or make a motion in response to a published notice.

### 2. Movants Has The Largest Financial Interest In This Action

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii).

As demonstrated herein, Movant believes that he has the largest financial interest in this case among class members who filed timely applications for appointment as lead plaintiff, and accordingly is presumed to be the "most adequate plaintiff." *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).

During the Class Period, Movant purchased 4200 shares of KV at prices alleged to be artificially inflated by defendants' materially false and misleading statements and omissions and, as a

---

[1] *In re Party City Securities Litigation,* 189 F.R.D. 91, 105 n.10 (D.N.J. 1999) (national newswire services meet the statutory notice provision).

4

result, Movant has suffered financial losses of $27,678.00.  *See* Goldberg Declaration, Exhibit C. Movant is not aware of any other Class member that has filed an application for appointment as lead plaintiff claiming larger financial losses and, consequently, believes that he has the largest known financial interest in this case among Class members who filed timely applications for appointment as lead plaintiff.  Movant thus satisfies the second requirement – the largest financial interest -- to be appointed as lead plaintiff for the Class.

### 3. Movant Satisfies The Requirements Of Rule 23 Of The Federal Rules Of Civil Procedure

The third requirement to be appointed lead plaintiff, as set forth in Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA, is satisfied when the lead plaintiff candidate possessing the largest financial interest in the outcome of the litigation makes a preliminary showing that he "otherwise satisf[ies] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

. At the lead plaintiff stage, "the presumptive lead plaintiff "need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23.'" *See Minneapolis Firefighters' Relief Ass'n v. MEMC Electronic Materials, Inc.*, 2008 WL 5233106, at *2 (E.D.Mo. Dec. 12, 2008) (citation omitted).

#### a. Movant's Claims Are Typical

The Rule 23(a) typicality requirement "requires the representative party to have claims

5

similar to those of the class as a whole." *See Kinermon v. Cadogan*, 2003 WL 23737288, *2 (D. Minn. June 23, 2003). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *See Ferrari v. Impath, Inc.*, 2004 WL 1637053, at *5 (S.D.N.Y. July 20, 2004).

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that defendants violated the federal securities laws by disseminating false and misleading statements concerning the business and financial prospects of KV. Movant, like all of the members of the Class, purchased KV securities at prices artificially inflated by defendants' misrepresentations and omissions, and was damaged thereby. Movant's interests are closely aligned with other Class members', and Movant's interests are, therefore, typical of the other members of the Class.

### b. Movant Is An Adequate Representative

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party has sufficient interest in the outcome to represent the claims of the class vigorously, has obtained adequate counsel, and there is no antagonism between a movant's claims and those asserted on behalf of the class. *See Minneapolis Firefighters'*, 2008 WL 5233106, at *2.

Here, Movant has communicated with competent, experienced counsel concerning this case, and has made this motion to be appointed lead plaintiff. Movant is not aware that any conflict exists between his claims and those asserted on behalf of the Class. Movant also sustained substantial financial losses from his investment in KV securities and is, therefore, extremely motivated to pursue the claims in this action. *See* Goldberg Declaration, Exhibit 3.

### 4. Movant Is Presumptively The Most Adequate Plaintiff

The presumption in favor of appointing Movant as lead plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

6

      (aa)      will not fairly and adequately protect the interest of the class; or

      (bb)      is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §78 u-4(a)(3)(b)(iii)(I).

      The presumption that Movant is the most adequate lead plaintiff is not, therefore, subject to rebuttal.  Movant has suffered substantial financial losses -- in excess of $27,000 -- and believes he has the largest financial interest in this case of any timely lead plaintiff movant. The ability of Movant to fairly and adequately represent the Class is discussed above.  Movant is not aware of any unique defenses defendants could raise against him that would render Movant inadequate to represent the Class.  Accordingly, Choo Teck Kwang is presumptively the most adequate plaintiff and should be appointed lead plaintiff for the Class. *See Minneapolis Firefighters'*, 2008 WL 5233106, at *2.

      **C.**      **The Court Should Approve Movant's Choice of Lead Counsel**

      The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court.  *See* §21D(a)(3)(B)(v) of the Exchange Act.  Thus, the Court should not disturb the lead plaintiff's choice of counsel unless "necessary to protect the interest of the plaintiff class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also Kinermon*, 2003 WL 23737288, at *2; *In re Cavanaugh* 306 F.3d 726, 733 (9th Cir. 2002).  In the present case, Movant has retained Glancy Binkow & Goldberg LLP to pursue this litigation on his behalf, and will retain this firm as plaintiffs' lead counsel, with Bartimus, Frickleton, Robertson & Gorny as liaison counsel, in the event Movant is appointed lead plaintiff.  Glancy Binkow & Goldberg LLP possesses extensive experience in the area of securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé attached to the Goldberg Declaration

7

as Exhibit D.  Thus, the Court may be assured that, by granting Movant's motion, the Class will receive the highest caliber of legal representation.

**IV.     CONCLUSION**

For the foregoing reasons, Movant respectfully asks the Court to grant his motion and enter an Order (a) consolidating the above-captioned related actions, (b) appointing Choo Teck Kwang as lead plaintiff, (c) approving his selection of Glancy Binkow & Goldberg LLP and as lead counsel for the Class, and granting such other relief as the Court may deem just and proper.

            Respectfully submitted,

DATED: December 19, 2011   BARTIMUS, FRICKLETON, ROBERTSON & GORNY

          By: /s/ Anthony L. DeWitt
         Anthony DeWitt
         715 Swifts Highway
         Jefferson City, MO 65109
         Telephone: (573) 659-4454
         Facsimile: (573) 659-4460

         *Proposed Liaison Counsel*

         GLANCY BINKOW & GOLDBERG LLP
         Lionel Z. Glancy
         Michael Goldberg
         1801 Avenue of the Stars, Suite 311
         Los Angeles, California 90067
         Telephone: (310) 201-9150
         Facsimile: (310) 201-9160

         *Proposed Lead Counsel*

CERTIFICATE OF SERVICE

I, Anthony L. DeWitt, hereby certify that on December 19, 2011, I served copies of this Memorandum by way of the Electronic Court Filing (ECF) system.

        /s/ Anthony L. DeWitt

9