UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
(EASTERN DIVISION)

| | | |
|---|---|---|
| FRANK JULIANELLO, on Behalf of Himself and All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | No. 4:11-CV-01816-AGF |
| v. | ) ) ) | |
| K-V PHARMACEUTICAL COMPANY, GREGORY J. DIVIS, JR. and SCOTT GOEDEKE, | ) ) ) ) | |
| Defendants. | ) ) | |
| RAMAKRISHNA MUKKU, Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 4:11-cv-01888-CEJ |
| v. | ) ) ) | |
| K-V PHARMACEUTICAL COMPANY, GREGORY J. DIVIS, JR. and SCOTT GOEDEKE, | ) ) ) ) | |
| Defendants. | ) ) | |

(caption continued on next page)

|  |  |
|---|---|
| HOICHI CHEONG, Individually And On Behalf of All Others Similarly Situated, ) ) ) | |
| Plaintiff, ) ) | No. 4:11-CV-01905-RWS |
| vs. ) ) ) | |
| K-V PHARMACEUTICAL COMPANY, GREGORY J. DIVIS, JR. and SCOTT GOEDEKE, ) ) ) ) | |
| Defendants. ) ) ) | |

## MEMORANDUM IN SUPPORT OF THE ANDERSON FAMILY'S MOTION TO CONSOLIDATE RELATED ACTIONS, TO BE APPOINTED LEAD PLAINTIFF, AND TO APPROVE THE ANDERSON FAMILY'S CHOICE OF COUNSEL

Lead Plaintiff movants Lori R. Anderson and JonCarlos Anderson (collectively, the "Anderson Family") hereby move for an order: (a) consolidating the above-captioned related actions pursuant to Fed. R. Civ. P. 42(a); (b) appointing the Anderson Family as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and (c) approving the Anderson Family's selection of Brower Piven, A Professional Corporation ("Brower Piven"), as Lead Counsel, and Holland, Groves, Schneller & Stolze, LLC ("HGSS") as Liaison Counsel for the Class.

## PRELIMINARY STATEMENT

This is a federal class action on behalf of purchasers of K-V Pharmaceutical Company ("K-V" or the "Company") securities, seeking to pursue remedies under the Securities Exchange Act of 1934 ("Exchange Act"). The first lawsuit filed against defendants K-V, Gregory J. Divis, Jr., and Scott Goedeke (collectively, "Defendants"), *Julianello v. K-V Pharmaceutical Company, Gregory J. Divis, Jr. and Scott Goedeke*, No. 4:11-CV-01816-AGF, was filed in this District on

2

October 19, 2011. In accordance with the PSLRA, a press release was issued and published on October 19, 2011 through *Globe Newswire* that a class action had been initiated against Defendants, advising members of the proposed Class of their right to move the Court to serve as lead plaintiff no later than December 19, 2011. *See* Declaration of Eric D. Holland ("Holland Decl.") at Exhibit C. On October 31, 2011, plaintiff Ramakrishna Mukku filed a second lawsuit in this district, styled *Mukku v. K-V Pharmaceutical Company, Gregory J. Divis, Jr. and Scott Goedeke*, No. 4:11-cv-01888-CEJ. On November 2, 2011, plaintiff Hoichi Cheong filed a third lawsuit in this district, styled *Cheong v. K-V Pharmaceutical Company, Gregory J. Divis, Jr. and Scott Goedeke*, No. 4:11-cv-01905-RWS.

As described in the Certifications and Loss Chart attached to the Holland Decl. at Exhibit A and Exhibit B, the Anderson Family has suffered substantial losses as a result of its purchases of shares of K-V securities during the proposed Class Period. To the best of its knowledge, the Anderson Family has sustained the largest loss of any investor seeking to be appointed as lead plaintiff. In addition to evidencing the largest financial interest in the outcome of this litigation, the Anderson Family's Certifications also demonstrate its intent to serve as lead plaintiff in this litigation, including its cognizance of the duties of serving in that role. The Anderson Family fully understand its duties and responsibilities to the Class, and are willing and able to oversee the vigorous prosecution of this action, and to oversee counsel. As a result, the Anderson Family satisfies both the applicable requirements of the PSLRA, as well as Rule 23 of the Federal Rules of Civil Procedure. The Anderson Family should thus be accorded the presumption as the "most adequate plaintiff" and, indeed, selected as Lead Plaintiff, and its selection of Brower Piven as Lead Counsel and HGSS as Liaison Counsel should be approved.

3

## STATEMENT OF FACTS

This is a federal securities class action on behalf of all persons who purchased or otherwise acquired the securities of K-V between February 14, 2011 and April 4, 2011 (the "Class Period"). K-V is a specialty pharmaceutical company that develops, manufactures, acquires and markets branded and generic prescription pharmaceutical products. During the Class Period, as alleged in the *Julianello* complaint, K-V made numerous false representations regarding the distribution and sales of the prescription medicine Makena.

Prior to the Class Period, Makena was also known by the generic name 17P and had no patent protection. 17P was manufactured in small quantities by compounding pharmacies. The drug was administered through weekly injections throughout a 20-week period. Each injection cost approximately $10-$20 and the entire treatment plan cost approximately $200-$400. K-V attempted to corner the market for 17P by rebranding it as Makena and then applying for exclusive sales rights under the Orphan Drug Act. The Food and Drug Administration ("FDA") granted K-V's request for Orphan Drug Act protection on February 4, 2011, but did not grant K-V patent rights covering 17P. K-V then increased the price of Makena to $1500 per injection, resulting in a total price of up to $30,000 for the course of treatment. On February 14, 2011, the first day of the Class Period, Defendants informed investors that K-V would offer financial assistance to expand access to Makena to pregnant women who would otherwise not be able to obtain the drug.

However, K-V's assertions that they were expanding access to the market was sharply rebuked on March 17, 2011 when two U.S. Senators, Amy Klobuchar and Sherrod Brown, issued a press release and letter to the Federal Trade Commission stating the "the financial assistance is not sufficient and does not expand to certain groups of women," and "KV

Pharmaceutical's actions will result in diminished access to appropriate care for women and result in increased preterm births." As a result of this disclosure, the price of K-V's A series stock dropped from $9.64 to $8.50 in a single session.

Furthermore, as alleged in the *Julianello* complaint, Defendants also lied about their exclusivity in the market when they stated that the FDA had no choice but to prohibit compounding pharmacists from making and selling 17P, or generic Makena, in competition with K-V. In reality, the FDA did not prohibit such practices and clarified the issue in a March 30, 2011 statement, which stated that:

> FDA understands that the manufacturer of Makena, KV Pharmaceuticals has sent letters to pharmacists indicating that FDA will no longer exercise enforcement discretion with regard to compounded versions of Makena. This is not correct.

> In order to support access to this important drug, at this time and under this unique situation, FDA does not intend to take enforcement action against pharmacies that compound hydroxyprogesterone caproate [Makena].

As a result of this disclosure by the FDA, the price of K-V's A series stock dropped from $7.11 to $5.65 in a single session on extremely high trading volume.

On April 1, 2011, K-V announced that it was reducing Makena's list price to $690 per injection from the previous list price of $1500. On April 4, 2011, a news article titled "KV Pharma's Reduced Makena Price Won't Sway Some Physicians" revealed that the price drop was not going to convince prescribing physicians to prescribe Makena to their patients. K-V stock continued to decline on this news, dropping from the prior evening's closing price of $5.99 to a closing price of $5.39.

The continual decline in K-V's stock value was a result of the artificial inflation caused by Defendants' misleading statements and omissions. As a result of Defendants' materially false and misleading statements and omissions, K-V's securities traded at artificially inflated prices

5

during the Class Period and the Anderson Family and the members of the putative Class were

harmed thereby.

## ARGUMENT

## I.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation pursuant to Fed. R. Civ. P 42(a) is proper and routinely granted in actions

such as this, where there are common questions of law and fact. [1]  *See Mas v. KV Pharmaceutical*

*Co.*, No. 4:08-1859, 2009 WL 1011506, at *1 (E.D. Mo. April 15, 2009); *see also Walker v.*

*Deutsche Bank, AG*, No. 04-1921, 2005 U.S. Dist. LEXIS 19776, at *6 (S.D.N.Y. Sept. 6, 2005).

Courts have recognized that securities class actions, in particular, are ideally suited for

consolidation pursuant to Rule 42(a) because their unification expedites pretrial proceedings,

reduces case duplication, avoids contacting of the parties and witnesses for inquiries in multiple

proceedings, and minimizes the expenditure of time and money by all persons concerned. *See*

*e.g., Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997).  Indeed, "[i]n

securities actions where the complaints are based on the same 'public statements and reports,'

consolidation is appropriate if there are common questions of law and fact" and the parties will

not be prejudiced.  *Garber v. Randell*, 477 F.2d 711, 714 (2d Cir. 1973); *Weltz v. Lee*, 199

F.R.D. 129, 131 (S.D.N.Y. 2001).  Consolidating shareholder class actions streamlines and

simplifies pre-trial and discovery proceedings, including motions, class action issues, clerical and

---

[1] Rule 42(a) of the Federal Rules of Civil Procedure allows this Court to order consolidation of
separate actions:

> When actions involving a common question of law or fact are
> pending before the court, it may order a joint hearing or trial of any
> or all of the matters in issue in the actions; it may order all of the
> actions consolidated; and it may make such orders concerning
> proceedings therein as may tend to avoid unnecessary costs of
> delay.

administrative duties, and generally reduces the confusion and delay that results from prosecuting related actions separately before two or more judges. *See id.*; *see also Tice v. Novastar Fin., Inc.*, No. 04-0330, 2004 WL 1895180, at *1 (W.D. Mo. Aug. 23, 2004) ("All of the cases against [Defendants] share both legal and factual issues, and consolidation of these cases will prevent needless expense and delay. Therefore consolidation is appropriate under Rule 42(a) of the Federal Rules of Civil Procedure."). Accordingly, this Court should enter an Order that consolidates any related cases with the instant action.

## II.   THE ANDERSON FAMILY SHOULD BE APPOINTED LEAD PLAINTIFF

### A.   The Procedural Requirements Pursuant to the PSLRA

The PSLRA sets forth a detailed procedure for the selection of a lead plaintiff to oversee securities class actions. *See* 15 U.S.C. § 78u-4(a)(3). First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Plaintiff in the first-filed *Julianello* action published a notice on *Globe Newswire* on October 19, 2011 (*see* Holland Decl., Exhibit C). This notice announced that applications for appointment as lead plaintiff had to be made by December 19, 2011. As the PSLRA notes, any member or members of the proposed Class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint. 15 U.S.C. § 78u-4(a)(3)(A) and (B).

Next, according to the PSLRA, within 90 days after publication of the initial notice of pendency of the action, the Court shall appoint as lead plaintiff the movant that the Court determines to be most capable of adequately representing the interests of Class members. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i); *see also In re BankAmerica Corp. Sec. Litig.*, 350 F.3d 747, 751 (8th

Cir. 2003). The PSLRA instructs that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that—
>
>> (aa) has either filed the complaint or made a motion in response to a notice...
>>
>> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>>
>> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Rochester Laborers Pension Fund v. Monsanto Co.*, No. 10-1380, 2010 WL 4444832, at *1 (E.D. Mo. Oct. 1, 2010).

**B.     The Anderson Family is "The Most Adequate Plaintiff"**

**1.     The Anderson Family Has Complied With the PSLRA and Should Be Appointed Lead Plaintiff**

The Anderson Family has met the requirement of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa) by timely filing a motion on or before December 19, 2011. Moreover, the Anderson Family has sustained a substantial loss from its investment in K-V securities and has shown a willingness to represent the Class. Each member of the Anderson Family has signed a Certification detailing his/her transaction information during the Class Period. *See* Holland Decl., Exhibit A.

**2.     The Anderson Family Has The Largest Financial Interest**

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as lead plaintiff the movant or movants who have the largest financial interest in the relief sought by the action. As demonstrated herein, the Anderson Family, with losses of $2,038,217.33, has the largest known financial interest in the relief sought by the Class. *See* Holland Decl., Exhibit B. The movant who "has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 ... is presumptively entitled to lead plaintiff status." *Maiden v. Merge*

8

*Techs., Inc.*, No. 06-349, 2006 WL 3404777, at *4 (E.D. Wis. 2006) (citing *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status...")).

### 3.   The Anderson Family Satisfies The Requirements Of Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Of the four prerequisites to class certification outlined in Fed. R. Civ. P. 23, only two – typicality and adequacy – are recognized as appropriate for consideration at this stage. *See Mas*, 2009 WL 1011506, at *2 . Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage. *See Tice*, 2004 WL 1895180 at *5; *see also Chill v. Green Tree Fin. Corp.*, 181 F.R.D. 398, 407 n.8 (D. Minn. 1998). As detailed below, the Anderson Family satisfies both the typicality and adequacy requirements of Fed. R. Civ. P. 23, thereby justifying its appointment as lead plaintiff.

#### i.   The Anderson Family's Claims Are Typical Of The Claims Of All The Class Members

Under Rule 23(a)(3), typicality exists where "the claims...of the representative parties" are "typical of the claims...of the class." The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other class members, and when the claims are based on the same legal theory. *Minneapolis Firefighters' Relief Ass'n v. MEMC Elec. Materials, Inc.*, No. 08-1411, 2008 WL 5233106, at *2 (E.D. Mo. Dec. 12, 2008).

In this case, the typicality requirement is met because the Anderson Family's claims are identical, non-competing, and non-conflicting with the claims of the other Class members. The Anderson Family members purchased K-V securities during the Class Period when the stock

prices were artificially inflated as a result of the Defendants' fraudulent misrepresentations and omissions. When the true facts were revealed over a series of partial disclosures between March 17, 2011 and the end of the Class Period and the stock price dropped as a result, the Anderson Family and the Class suffered damages. *See MEMC*, 2008 WL 5233106, at *2; *see also Northwestern*, 299 F. Supp. 2d at 1007-08. The Anderson Family thus satisfies the typicality requirement of Fed. R. Civ. P. Rule 23.

### ii.     The Anderson Family Will Adequately Represent The Class

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether: "[a] class counsel is qualified, experienced, and generally able to conduct the litigation; [b] there is no antagonism between the interests of the proposed lead plaintiff and the other members of the class; and [c] the proposed lead plaintiff has sufficient interest in the outcome to ensure vigorous advocacy." 15 U.S.C. § 78u-4(a)(3)(B); *see MEMC*, 2008 WL 5233106, at *2 (citation omitted).

The Anderson Family's interests are clearly aligned with the members of the Class because its claims are identical to the claims of the Class. There is no evidence of antagonism between its interests and those of the proposed Class members. Furthermore, the Anderson Family has a significant, compelling interest in prosecuting this action to a successful conclusion based upon the large financial loss it has incurred as a result of the wrongful conduct alleged herein. This motivation, combined with the Anderson Family's symbiotic interest with the members of the Class, clearly shows that the Anderson Family will adequately and vigorously pursue the interests of the Class.

In addition, the Anderson Family has selected a law firm that is highly experienced in

successfully prosecuting securities class actions and other complex, federal litigation. The firm biography of proposed Lead Counsel, Brower Piven, is attached as Exhibit D to the Holland Decl.

Therefore, because the Anderson Family not only meets both the typicality and adequacy requirements of Fed. R. Civ. P. Rule 23, but also has sustained the largest amount of losses, the Anderson Family is presumptively the most adequate plaintiff to lead this action.

## III.    THE COURT SHOULD APPROVE THE ANDERSON FAMILY'S CHOICE OF COUNSEL

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the Class, subject to the Court's approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). "[T]he Act is explicit on the lead plaintiff's authority to select and retain counsel[.]" *BankAmerica Corp.*, 350 F.3d at 751. The Anderson Family has selected Brower Piven to serve as Lead Counsel and HGSS to serve as Liaison Counsel.

Brower Piven has not only prosecuted complex securities fraud actions, but have also successfully prosecuted many other types of complex class actions as lead and/or class counsel. *See* Holland Decl., Exhibit D. In addition, HGSS is a well respected Missouri law firm, and its attorneys have experience litigating complex commercial actions. *See* Holland Decl., Exhibit E. This Court may be assured that in the event the Anderson Family's motion is granted, the members of the Class will receive the highest caliber of legal representation.

## CONCLUSION

For all of the foregoing reasons, the Anderson Family respectfully requests that the Court: (a) consolidate the related actions; (b) appoint the Anderson Family to serve as Lead Plaintiff in this action; (c) approve the Anderson Family's selection of Brower Piven as Lead

Counsel and HGSS as Liaison Counsel; and (d) grant such other and further relief as the Court may deem just and proper.

Dated: December 19, 2011

**HOLLAND, GROVES, SCHNELLER & STOLZE, LLC**

*Eric D. Holland*
Eric D. Holland #39935-MO
R. Seth Crompton, #57448
300 North Tucker, Suite 801
St. Louis, MO 63101
(314) 241-8111
(314) 241-5554 (fax)
Email: eholland@allfela.com
Email: scrompton@allfela.com

*Liaison Counsel for the Anderson Family and Proposed Local Counsel for the Class*

**BROWER PIVEN**
 A Professional Corporation
David A.P. Brower
488 Madison Avenue
Eighth Floor
New York, New York 10022
Telephone: (212) 501-9000
Facsimile: (212) 501-0300

**BROWER PIVEN**
 A Professional Corporation
Charles J. Piven
1925 Old Valley Road
Stevenson, MD 21153
Telephone: (410) 332-0030
Facsimile: (410) 685-1300

*Counsel for the Anderson Family and Proposed Lead Counsel for the Class*

12

## CERTIFICATE OF SERVICE

I hereby certify that The Anderson Family's Memorandum In Support Of The Anderson Family's Motion To Consolidate Related Actions was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on December 19, 2011.

*Eric D. Holland*
Eric D. Holland #39935-MO